# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-457V**

WILLIAM SILVER,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 23, 2026

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On March 26, 2024, William Silver filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a right shoulder injury related to vaccine administration ("SIRVA"), a defined Table Injury, which was caused by an influenza ("flu") vaccine administered on October 5, 2022. Petition at 1.

The parties were unable to resolve the claim, and therefore they have briefed entitlement. Petitioner's Motion for a Ruling on the Record ("Mot"); Respondent's Rule 4(c) Report and Response to Petitioner's Motion for a Ruling on the Record ("Resp."). For the reasons set forth below, I find Petitioner has established that she meets the requirements for compensation.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

## I. Factual Background

### A. Medical Records

Petitioner received a flu vaccine in his right shoulder on October 5, 2022. Ex. 2 at 17.[3] Prior to his vaccination, he had no history of right shoulder pain or dysfunction. His medical history shows he suffered from chronic low back pain that required at least two surgeries (2006 and 2009). *See, e.g.*, Ex. 2 at 21 (Feb. 2021 primary care visit), 22-23 (Mar. 2021 MRI lumbar spine).

Approximately one month later (November 10, 2022), Petitioner was referred for a neurology appointment to address a potential SIRVA. Ex. 3 at 59.[4] Petitioner subsequently saw neurologist Lawrence Meredith, M.D., for right shoulder pain, numbness, and tingling on November 28, 2022. Ex. 3 at 58. Petitioner stated that he had been experiencing dysesthesias that radiated down his arm since his October 5, 2022 flu vaccine. *Id.* at 60.

Petitioner began physical therapy on December 29, 2022. Ex. 5 at 182, 192-93. His pain was described as in his right deltoid that "extend[ed] to his mid forearm, dorsally, at times". *Id.* at 197. Petitioner also described intermittent paresthesias in both arms he attributed to using a cane due to two lumbar fusions, but his "R. shoulder pain is new from a flu vaccine shot in Octobert [sic] of this year." *Id.* at 197-98.

An MRI performed on December 18, 2022, revealed a mild tear of the conjoined region, mild tendinosis, and a superior labrum anterior to posterior tear. Ex. 4 at 17. Petitioner thereafter began physical therapy on December 29, 2022. Ex. 5 at 189-213. (He was ultimately discharged on June 23, 2023, with a home exercise plan. Ex. 5 at 38).

Petitioner returned to Dr. Meredith on March 28, 2023, for a follow-up regarding "right shoulder pain and right upper extremity dysesthesias, which reportedly became problematic following a flu vaccination October 5, 2022." Ex. 3 at 37. At that time, he continued to experience pain but "radicular type shooting pain, numbness, and right upper extremity paresthesias are not prominent at this time." *Id.*

Petitioner saw Dr. Meredith again on July 12, 2023, for right shoulder pain and long-standing back pain. Ex. 3 at 17. He reported that physical therapy had been beneficial. *Id.*

---

[3] The immunization summary indicates that Petitioner's flu vaccine was administered into the left deltoid. *Id.*

[4] It is unclear what prompted this referral, as no records explaining its circumstances have been filed.

On October 9, 2023, Petitioner was administered a flu vaccine in his affected right shoulder. Ex. 2 at 17, Ex. 6 at 16. He also had a COVID-19 vaccine on October 27, 2023. Later that same fall, he was treated for unrelated left shoulder pain. Ex. 6 at 11

Petitioner returned for two additional physical therapy sessions over a year later, in December 2024. Ex. 9 at 12-13, 29-31. He reported that he had experienced "chronic right shoulder pain since having a vaccine that has increased in the past 3 months with a new job." *Id.* at 29.

### B. Affidavit Evidence

In conjunction with the Petition and applicable medical records, Petitioner filed a sworn declaration in which he recalled the details of his October 5, 2022 flu vaccination. Pet. Ex. 7 at 1. Petitioner explained that the vaccination had been administered in his right shoulder. Specifically, he recalled asking the nurse to "use [his] right arm because [he] had received a Covid-19 vaccination in [his] left, non-dominant arm a few days prior and [his] left arm was still a bit sore." *Id.*

## II. Fact Findings and Ruling on Entitlement

Before compensation can be awarded under the Vaccine Act, a petitioner must demonstrate, by a preponderance of evidence, all matters required under Section 11(c)(1), including the factual circumstances surrounding her claim. Section 13(a)(1)(A). In making this determination, the special master or court should consider the record as a whole. Section 13(a)(1). Petitioner's allegations must be supported by medical records or by medical opinion. *Id.*

In particular, a petitioner must establish that she suffered an injury meeting the Table criteria (*i.e.* a Table injury), in which case causation is presumed, or an injury shown to be caused-in-fact by the vaccination she received. If a petitioner establishes a Table injury the burden shifts to respondent to establish a more likely alternative cause. Section 13(a)(1)(A), 11(c)(1)(C)(i), 14(a). If a petitioner cannot establish a Table injury, or she may pursue causation-in-fact under the legal standard set forth in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48

hours of the administration of an HPV vaccine. 42 C.F.R. § 100.3(a)(XVI)(B). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g., NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10).

In addition to causation, a petitioner must also meet the requirements establishing that the vaccine received is "covered" by the Program, the duration and severity of petitioner's injury, and the lack of other award or settlement.[5] With regard to severity, a petitioner must show that she suffered the residual effects or complications of her injury or condition for more than six months after the administration of the vaccine. § 11(c)(1)(D)(i); *see Song v. Sec'y of Health & Hum. Servs.,* 31 Fed. Cl. 61, 65-66 (1994), aff'd, 41 F.3d 1520 (Fed. Cir. 2014) (noting that a petitioner must demonstrate the six-month severity requirement by a preponderance of the evidence). Finding that petitioner has met the severity requirement cannot be based on petitioner's word alone, though a special master need not base their finding solely on medical records. Section 13(a)(1); *see Colon v. Sec'y of Health & Hum. Servs.*, 156 Fed. Cl. 534, 541 (2021). Severity must be established regardless of whether the claim arises under the Table or is a causation-in-fact claim.

[5] In summary, a petitioner must establish that she received a vaccine covered by the Program, administered either in the United States and its territories or in another geographical area but qualifying for a limited exception; suffered the residual effects of her injury for more than six months, died from her injury, or underwent a surgical intervention during an inpatient hospitalization; and has not filed a civil suit or collected an award or settlement for her injury. *See* § 11(c)(1)(A)(B)(D)(E).

### A. Factual Findings Regarding a Table SIRVA

After a review of the entire record, I find that a preponderance of the evidence demonstrates that Petitioner has satisfied the QAI requirements for a Table SIRVA.

#### 1. Petitioner Had No Prior Left Shoulder Condition or Injury that would Explain his Symptoms

Respondent does not dispute that Petitioner meets this criterion. I find that he has demonstrated a lack of history of pain, inflammation, or dysfunction of his right shoulder that would explain his symptoms.

#### 2. Onset of Petitioner's Injury Occurred within Forty-Eight Hours of his Vaccination

The medical records preponderantly establish onset of injury close-in-time to vaccination. Petitioner first reported shoulder pain on November 28, 2022. Ex. 3 at 58. Thereafter, he consistently linked his shoulder pain to the time of administration of a flu vaccine. *See, e.g.,* Ex. 3 at 60. Further, Respondent does not contest this aspect of Petitioner's claim. Accordingly, there is preponderant evidence that establishes the onset of Petitioner's right shoulder pain more likely than not occurred within 48-hours of vaccination.

#### 3. Petitioner's Pain was Limited to his Vaccinated Shoulder

The record also establishes that Petitioner's pain was limited to his right shoulder. Respondent argues that Petitioner experienced pain outside his shoulder, extending into his right arm, and "dysesthesias radiating down the right upper extremity." Resp. at 6-7 (citing Ex. 5 at 193, Ex. 3 at 7. The mere existence of one such record, however, does not defeat a showing that Petitioner's treatment emphasis was shoulder-specific. *See,* e.g., Ex. 5 at 198. Further, Petitioner's records clarify that he experienced intermittent paresthesias in both arms that he attributed to using a cane due to two lumbar fusions. *Id.* at 197-98.

#### 4. There is No Evidence of Another Condition or Abnormality

The last criteria for a Table SIRVA state that there must be no other condition or abnormality which would explain a petitioner's current symptoms. 42 C.F.R. § 100.3(c)(10)(iv). Respondent does not dispute that Petitioner meets this criterion, and I

find there is no indication that another condition or abnormality exists that would explain Petitioner's shoulder symptoms.

### B. Other Requirements for Entitlement

In addition to establishing a Table injury, a petitioner must also provide preponderant evidence of the additional requirements of Section 11(c). Respondent does not dispute that Petitioner has satisfied these requirements in this case, and the overall record contains preponderant evidence to fulfill these additional requirements.

That record shows that Petitioner received a flu vaccine intramuscularly on October 5, 2022, in the United States. Ex. 2 at 1, *see* Section 11(c)(1)(A) (requiring receipt of a covered vaccine); Section 11(c)(1)(B)(i)(I) (requiring administration within the United States or its territories). There is no evidence that Petitioner has collected a civil award for her injury. Ex. 7 at 1; Section 11(c)(1)(E) (lack of prior civil award).

Based upon all of the above, Petitioner has established that he suffered a Table SIRVA. Additionally, he has satisfied all other requirements for compensation. I therefore find that Petitioner is entitled to compensation in this case.

## Conclusion

**For all of the reasons discussed above, and based on consideration of the record as a whole, I find Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master